Filed 8/4/25  P. v. Eichhorst CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARKUS EICHHORST,<br><br>    Defendant and Appellant. | D084424<br><br><br>(Super. Ct. No. SCD301504) |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Following a jury trial, Markus Eichhorst was convicted of vandalism causing more than $400 in damages. (Pen. Code,[1] § 594, subds. (a) & (b)(1); count 3.) The jury was unable to reach a verdict on counts 1 and 2—charges of child abuse (§ 273a, subd. (a); count 1) and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2)—and the trial court declared a mistrial as to each count. Eichhorst subsequently pleaded guilty to count 2 in exchange for dismissal of count 1. The court sentenced him to two years formal probation with conditions that included 180 days in county jail and payment of direct restitution, along with other fines and fees.

Eichhorst filed a timely notice of appeal. Appellate counsel asks this court to conduct an independent review of the record for reversible error under *People v. Wende* (1979) 25 Cal.3d 436. We offered Eichhorst the opportunity to file his own brief on appeal, but he did not respond.

## FACTUAL AND PROCEDURAL BACKGROUND

The charges against Eichhorst arose out of what can be colloquially referred to as a "road rage" incident. To provide context for the charges at trial, the jury heard evidence that, following several miles of erratic driving, Eichhorst intentionally collided with another vehicle. Inside the other vehicle were Lance Tamyo and his 12-year-old son (the victim). After the accident, both vehicles pulled over and Tamyo called 911.

While waiting for the police to arrive, Eichhorst approached Tamyo's vehicle twice. He first went to confront Tamyo and became angry when Tamyo blamed him for the collision. When he returned to Tamyo's vehicle a second time, Eichhorst tried to open the front passenger-side door, where the victim was sitting, while shouting and hitting the car with metal pliers. He eventually broke through the glass window and punched the victim before

---

[1]     Undesignated statutory references are to the Penal Code.

reaching into the car to grab him.  Once the victim fled to the backseat, Eichhorst attempted to open the rear passenger-side door and continued hitting the vehicle with the pliers until he heard sirens approaching.

Police arrived and detained Eichhorst.  A police officer testified there was blood on both the broken car window and Eichhorst's hands.

## DISCUSSION

Appellate counsel filed a *Wende* brief, requesting the court independently review the record for error.  In line with *Anders v. California* (1967) 386 U.S. 738, counsel identified a potentially arguable issue to assist with our review:  Whether the trial court erred when it refused to instruct the jury with CALCRIM No. 3404.

The identified issue does not rise to the level of arguable issues for reversal on appeal because the request for, and denial of, CALCRIM No. 3404 did not concern the vandalism charge—the only charge of which the jury convicted Eichhorst.

We have independently reviewed the entire record as mandated by *Wende* and *Anders* and found no arguable issues.  Competent counsel has represented Eichhorst on this appeal.

## DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

4